# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| DIVERSIFIED ASSEMBLY TECHNOLOGIES CORP., | ) Case. No. 18-12985 |
| | ) |
| *Debtor*. | ) Hon. Janet S. Baer |
| | ) |

## NOTICE OF MOTION

TO:   ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the February 21, 2019 at 9:30 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Janet S. Baer, Bankruptcy Judge, in the room usually occupied by her as courtroom 615 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the **MOTION OF CREDITORS, C&C POWER, INC. & UPOWER SUPPLIES, LLC TO AUTHORIZE EXAMINATION OF THIRD PARTIES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND LOCAL RULE 9013-9(B),** a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Brian P. Welch_____
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash, 21st Floor
Chicago, Illinois 60611
(312) 840-7000

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing **Notice of Motion** and attached **Motion to Authorize Examination of Third Parties Pursuant to Federal Rule of Bankruptcy Procedure 2004 and Local Rule 9013-9(B)** to be served on all the parties via the Court's Electronic Filing System (ECF), to all parties entitled to receive such notice, on February 13, 2019, and via U.S. Mail to all parties listed on the attached service list on February 14, 2019.

/s/Brian P. Welch_____

## **SERVICE LIST**

***Via U.S. Mail***

Mark Cottone
912 North 3rd Ave.
Saint Charles, Illinois 60147

Thomas Thiele
37875 Atkins Knoll Rd.
Oconomowoc, Wisconsin 53066

Chuck Pergrossi
3020 2nd Street South
Wisconsin Rapids, Wisconsin 54494

Shannon Storkel
8465 State Hwy. 173
Tomah, Wisconsin 54660

Jack Shearier
2820 27th Street S.
Wisconsin Rapids, Wisconsin 54494

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| DIVERSIFIED ASSEMBLY TECHNOLOGIES CORP., | ) Case. No. 18-12985 |
| | ) Hon. Janet S. Baer |
| | ) |
| *Debtor*. | ) |
| | ) |

**MOTION OF CREDITORS, C&C POWER, INC. & UPOWER SUPPLIES, LLC TO AUTHORIZE EXAMINATION OF THIRD PARTIES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND LOCAL RULE 9013-9(B)**

Creditors, C&C POWER, INC. ("C&C") and uPOWER SUPPLIES, LLC (individually, "uPower" and collectively with C&C, the "Creditors"), hereby request that this Court enter an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy and Local Rule 9013-9(B), authorizing the creditors to serve subpoenas on various third parties identified in this Motion relating to the acts, conduct, property, liabilities and financial condition of the Debtor, DIVERSIFIED ASSEMBLY TECHNOLOGIES CORP. (the "Debtor"). In support of this Motion, the Creditors respectfully state as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The statutory predicates for the relief requested herein are Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 9013-9(B).

1

**Background**

**General Background**

4. This case was commenced on May 3, 2018 by the filing of an Involuntary Petition against the Debtor by C&C, uPower[1] and two (2) additional petitioning creditors.

5. On May 25, 2018, the Debtor filed a Motion to Dismiss the Involuntary Petition on substantive and procedural grounds [Dkt. No. 10].

6. Following discovery, the Debtor abandoned its substantive objections to the Involuntary Petition.

7. On December 18, 2018, this Court conducted an evidentiary hearing relating to the Involuntary Petition, with the sole issue being whether venue for the Debtor's Chapter 7 proceeding was proper in this Court or in the United States Bankruptcy Court for the Western District of Wisconsin.

8. Following the evidence, this Court found that venue was proper in this District and entered an Order for Relief under Chapter 7 of the Bankruptcy Code, effective December 18, 2018.

9. On December 27, 2018, the Brenda Porter Helms (the "Trustee") was appointed to serve as trustee in this Chapter 7 case.

10. The Debtor has not sat for its 341 meeting, which is scheduled to occur on February 25, 2019.

11. On January 17, 2019, the Debtor filed its Schedules and Statement of Financial Affairs (the "SOFA").

---

[1] The Creditors hold claims against the Debtor in the collective amount of not less than $228,085.00. The Creditors possess additional claims entitled to administrative priority under 11 U.S.C. § 503(b)(3)(A), relating to the filing and prosecution of the Involuntary Petition. C&C, uPower and the other petitioning creditors anticipate filing the appropriate motion in this Court with respect to their section 503(b)(3)(A) claims.

12.     In the SOFA, the Debtor identifies the members of its Board of Directors as: Mark Cottone ("Cottone"), Chuck Pergrossi ("Pergrossi"), Thomas Thiele ("Thiele"), Shannon Storkel ("Storkel") and Jack Shearier ("Shearier").

13.     On January 21, 2019, the Trustee filed a Motion for Authority to Sell the Business Assets of the Debtor (the "Sale Motion") to Arimon Technologies, Inc. ("Arimon"). The Creditors and one of the Debtor's secured lenders filed objections to the Sale Motion. On January 29, 2019, the Trustee withdrew the Sale Motion.

14.     At the hearing on the Sale Motion, the Trustee advised this Court of her intention to file a motion to abandon the business assets of the Debtor at a later date.

## Relief Requested

15.     The Creditors are investigating the assets, liabilities and financial affairs of the Debtor leading to the ultimate placement of the Debtor into a Chapter 7 case.

16.     Since the Creditors began their investigation, the Creditors have been provided pictures of various assets on-site at the Debtor's facility in Necedeh, Wisconsin, but various pieces of equipment and/or inventory that are listed on the Debtor's Schedules and Statement of Financial Affairs do not appear in those pictures. According to the values of various pieces of equipment and inventory assigned by the Debtor in its Schedules, such missing equipment and inventory is valued in excess of $115,000.00. What happened to the missing equipment and inventory?

17.     The Trustee and the Creditors previously scheduled a site visit on January 28, 2019 so that the Creditors could personally view the equipment and inventory on-site (the Creditors are in the same industry as the Debtor and could be of assistance to the Trustee in identifying assets), but that site visit was cancelled due to extreme weather conditions. The Creditors have been unable to re-schedule a site visit with the Trustee since January 28, 2019.

18. Additionally, it is difficult to believe that the Debtor had only two (2) computers, no vehicles, and no snow removal equipment at the Necedeh, Wisconsin facility.

19. More troubling are the Debtor's disclosures regarding revenue. In the Schedules, the Debtor disclosed revenues of $2,337,718, $2,006,466 and $608,475 for 2016, 2017 and 2018, respectively. The Debtor's reporting to its shareholders during 2018, however, belies the Debtor's conclusion that revenues in 2018 were only $608,475. Attached hereto as **Exhibit A** and **Exhibit B** are reports to shareholders by the Debtor for the first and second quarters of 2018, respectively. In the first quarter of 2018, the Debtor reported revenues (*see* Income Statement as of March, 2018, "DAT Sales (less sales to Legacy)") of $419,111. In the second quarter, those revenues (*see* Income Statement as of June, 2018, "DAT Sales (less sales to Legacy)") grew to **$1,031,838**. In other words, by the June of 2018, the revenues of the Debtor had already **exceeded** scheduled revenues by more than $400,000.

20. As a result of the foregoing inaccuracies in the Schedules and SOFA, the Creditors seek to conduct discovery pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure of the Debtor's former board members: Cottone, Pergrossi, Thiele, Storkel and Shearier (collectively, the "2004 Parties").

21. Pursuant to Fed. R. Bankr. P. 2004(a), the Bankruptcy Court may order the examination of any entity on the motion of a party in interest:

> The scope of such an examination is quite broad, relating to just about anything that deals with the debtor's actions, assets, liabilities or financial affairs, its right to a discharge, or any other matter affecting the administration of the bankruptcy estate. Fed. R. Bankr. P. 2004(b). It can be as simple as where are the keys to the filing cabinet or as complex as what happened to the money? It may also be used to examine "creditors and third parties who have had dealings with the debtor." *Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

4

*In re Sheetz*, 452 B.R. 746, 747-48 (Bankr. N.D. Ind. 2011).

22. In addition to ordering attendance for an examination, the Court may also compel a party to produce any documents that might relate to the Debtor's financial affairs. Fed. R. Bankr. P. 2004(c).

23. Local Rule 9013-9(B)(5) provides that a "Motion for leave to conduct and examination pursuant to Fed. R. Bankr. P. 2004" is a motion "that will ordinarily be granted without hearing in the absence of an objection". L.R. 9013-9(B)(5).

24. Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure, the Creditors seek authority to issue subpoenas to the Rule 2004 Parties to obtain documents and, if necessary, compel attendance for examination relating to the acts, conduct, property and financial affairs of the Debtor.

## Notice

25. The Creditors have provided seven (7) days' notice of this Motion to the Trustee, the Debtor and any other parties entitled to notice via this Court's CM/ECF system, and to each of the 2004 Parties via U.S. Mail.

WHEREFORE, Creditors, C&C POWER, INC. and UPOWER SUPPLIES, LLC respectfully request the entry of an Order: (1) authorizing the Creditors to issue subpoenas to Mark Cottone, Chuck Pergrossi, Thomas Thiele, Shannon Storkel and Jack Shearier to obtain documents and compel attendance for an examination relating to the acts, conduct, property and financial affairs of the Debtor; and (2) granting such other and further relief as this Court deems appropriate under the circumstances.

                    Respectfully submitted:

                    C&C POWER, INC. AND UPOWER SUPPLIES, LLC, *Creditors*

5

                    By:   */s/ Brian P. Welch*
                            One of their attorneys

**CREDITORS' COUNSEL:**
Gerard D. Ring (No. 06193912)
David K. Welch (No. 06183621)
Brian P. Welch (No. 06307292)
BURKE, WARREN, MACKAY & SERRITELLA, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, Illinois 60611
Tel: 312.840.7000
Fax: 312.840.7900